IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ASHA MUSE MUHUMED, | § | |
| Individually and on behalf of | § | |
| all persons similarly situated, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| ALEJANDRO MAYORKAS, in his | § | |
| official capacity as Secretary | § | |
| of the United States | § | |
| Department of Homeland | § | JUDGE: _____ |
| Security, | § | |
| | § | |
| Defendant | § | |

## COMPLAINT

COMES NOW Asha Muse Muhumed, hereinafter "Plaintiff," by counsel, complaining of Alejandro Mayorkas, hereinafter "Defendant," and for her cause of action would show as follows:

### PRELIMINARY STATEMENT

1.    This is an immigration case.  Plaintiff Asha Muse Muhumed is a destitute, mentally impaired, refugee from Somalia, who wants to become a citizen of the United States because this is the only place that was ever good to her.  She applied for naturalization, with medical certifications of her disability such as to exempt her from the English language and civics portions of the naturalization test under 8 U.S.C. § 1423(b)(1). United States Citizenship and Immigration Services (hereinafter "USCIS") rejected her medical certifications without explanation

and without seeking a separate medical opinion.  Plaintiff
appealed that denial, and USCIS again rejected her medical
certifications in the exact same manner.  The practice of USCIS
is to reject facially valid medical certifications just as they
did to Mrs. Muhumed.  As a result, Plaintiff and the members of
the plaintiff class, all of whom are disabled, are deprived of
their dream of United States citizenship.  Plaintiff brings this
action on behalf of herself and all persons similarly situated
to compel USCIS to either accept a facially valid medical
certification or contest it with an appropriate second medical
opinion.  She requests this Court to enter injunctive relief
requiring USCIS to obey the statute and regulations concerning
medical certifications, and reevaluate the medical
certifications of Plaintiff and the class members.  Plaintiff
seeks corresponding declaratory relief and attorney's fees and
costs as permitted by the Equal Access to Justice Act.

<u>JURISDICTION AND VENUE</u>

2.   This Court has jurisdiction over this case under 5
U.S.C. §§ 702 and 706, and 28 U.S.C. §§ 1331, 1361, 2201 and
2202.  Venue is proper in this district under 28 U.S.C. §
1391(e).

3.   An actual controversy has arisen and now exists
between Plaintiff and Defendant.

<u>PARTIES</u>

<u>Named Parties</u>

4.    Plaintiff Asha Muse Muhumed is a 46-year-old citizen of Somalia and lawful permanent resident of the United States, residing in Nacogdoches, Nacogdoches County, Texas.

5.    Defendant Alejandro Mayorkas is the Secretary of the Department of Homeland Security of the United States.  He is charged by statute with the administration of the Immigration and Nationality Act (hereinafter "INA") and all other laws relating to immigration and naturalization, and is responsible for the control, direction, and supervision of the USCIS and its employees, and for processing applications for naturalization and enforcing the INA and its accompanying regulations.

<u>Plaintiff Class</u>

6.    In this action Plaintiff seeks certification, pursuant to Fed. R. Civ. P. 23(b)(2), as the representative of a class consisting of all persons whose facially valid Medical Certifications for Disability Exceptions (Form N-648) have been or will be rejected by United States Citizenship and Immigration Services (USCIS) without USCIS obtaining medical evidence controverting the Certification.

7.    This proposed plaintiff class meets all of the requirements of Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure:

       **A.**    It is the routine practice of USCIS to reject

facially valid Medical Certifications for
Disability Exceptions without obtaining
controverting medical evidence.  Plaintiff is
unable to state with any exactitude the number of
persons who have been so treated by USCIS, but on
information and belief it is more than one
thousand, with such persons being distributed
throughout the fifty states.  This class is
therefore so numerous that joinder of all members
is not practicable.

**B.**   There are questions of law and of fact common to
the class, and the claims of the representative
plaintiff are typical of the claims of the class,
because the representative plaintiff and all
members of the class have had their Medical
Certifications for Disability Exceptions rejected
by USCIS without USCIS obtaining controverting
medical evidence.

**C.**   The representative plaintiff will fairly and
adequately protect the interests of the class
because she has been treated the same as the
members of her class, has no conflict with the
members of her class, and is represented by
competent and experienced counsel.

**D.**   The defendant has acted or refused to act on
grounds generally applicable to the class,
thereby making appropriate final injunctive or
corresponding declaratory relief with respect to
the class as a whole, in that Defendant continues
to reject facially valid Medical Certifications
for Disability Exceptions without obtaining
controverting medical evidence.

<u>FACTS</u>

8.   Plaintiff Asha Muse Muhumed came to the United States
as a refugee from the conflicts in Somalia, and was given lawful
permanent residence effective July 25, 2012.

9.   Mrs. Muhumed suffers from major depressive disorder,

post traumatic stress disorder, paranoia and psychosis, and other mental, psychological and neurological impairments.

10.  The combination of her multiple medical conditions leave Plaintiff mentally impaired such as she is unable to acquire the knowledge of English and civics generally required of applicants for naturalization.

11.  Plaintiff applied for naturalization via USCIS Form N-400 on June 7, 2019, and was interviewed by USCIS on that application on October 26, 2020.

12.  With her application for naturalization Plaintiff submitted a Medical Certification for Disability Exceptions prepared and executed by Martin Kram, M.D., which was valid on its face.

13.  Supporting her application for naturalization Plaintiff also submitted a Medical Certification for Disability Exceptions prepared and executed by Richard Johnson, a Clinical Psychologist, which was valid on its face.

14.  USCIS rejected both Forms N-648 presented by Plaintiff, and by decision dated October 3, 2022, denied Plaintiff's application for naturalization because of her inability to meet the English and civics requirements.

15.  Plaintiff appealed that decision via Form N-336, Request for a Hearing on a Decision in Naturalization Proceedings, filed with USCIS on October 26, 2022.

16.  At the hearing on her request, Plaintiff re-presented the two Forms N-648 she had previously submitted, but they were once again rejected by USCIS, and Plaintiff's Appeal was denied because she failed to demonstrate knowledge of the English language and civics of the United States.

17.  It is the practice of USCIS to reject facially valid Medical Certifications for Disability Exemptions (Form N-648) without obtaining medical evidence controverting the Certification.

18.  Plaintiff has exhausted her administrative remedies.

19.  The actions of Defendant have caused and continue to cause injury and damage to Plaintiff and the members of the class she seeks to represent.

20.  The actions of Defendant constitute final agency action, within the meaning of the Administrative Procedures Act, for which there is no adequate remedy at law.

21.  The actions of Defendant complained of above are arbitrary, capricious, and not in accordance with law.

22.  Plaintiff is an individual whose net worth does not exceed the sum of $2,000,000.00 at the time of filing this lawsuit.

23.  No special circumstances exist in this case such as to make an award of attorney's fees against Defendant unjust.

<u>FIRST CAUSE OF ACTION</u>

24.   By denying Plaintiff's application for naturalization, Defendant has adversely affected Plaintiff within the meaning of 5 U.S.C. § 702, for which relief is provided under 5 U.S.C. § 706, 8 U.S.C. § 1421(c), and 8 C.F.R. 336.9.

SECOND CAUSE OF ACTION

25.   Defendant's practice of rejecting Medical Certifications for Disability Exceptions (Form N-648) without obtaining medical evidence controverting the naturalization applicant's claim of disability, all of which is more fully set forth above, has adversely affected Plaintiff and the class she seeks to represent, and represents agency action subject to review under 5 U.S.C. §§ 702 and 706.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Honorable Court:

A.   Certify the proposed class;

B.   Enter a declaratory judgment declaring Defendant's practice of rejecting facially valid Medical Certifications for Disability Exemptions (Form N-648), without obtaining medical evidence controverting the Certification, to be arbitrary, capricious, not in accordance with law, and violative of the rights of Plaintiff and the members of the class;

C.   Issue preliminary and permanent injunctions pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1) compelling Defendant and its agents to: 1) Evaluate all past, pending and future

requests for medical waivers of the English and civics portions of the naturalization examination as required by 8 U.S.C. § 1423(b)(1) and 8 C.F.R. §§ 312.1 and 312.2; 2) reevaluate all requests for medical waivers of the English and civics portion of the naturalization examination which have been rejected, denied, or deemed insufficient at any time since January 11, 1998; 3) develop standards for the evaluation of the sufficiency of requests for medical waivers of the English and civics portion of the naturalization examination which are consistent with 8 U.S.C. § 1423(b)(1) and 8 C.F.R. §§ 312.1 and 312.2; 4) provide notice of the reasons for the rejection of the Medical Certifications for Disability Exemptions sufficient to allow the naturalization applicant to understand the basis for the rejection and, if possible, to correct them, to all applicants for naturalization whose requests for medical waivers of the English and civics portion of the naturalization examination have been rejected without USCIS obtaining controverting medical evidence;

D.   Grant Plaintiff her attorney's fees and cost of this suit under the Equal Act of Justice Act; and

E.   Grant Plaintiff and the class such further relief as this Court may deem just and proper.

Respectfully submitted,

_/S/ RICHARD S. FISCHER_
RICHARD S. FISCHER
State Bar No. 07043100

FISCHER AND FISCHER, ATTORNEYS AT LAW
114 South Pecan Street
Nacogdoches, Texas  75961
Phone:     (936)564-2222
FAX:       (936)564-1346
E-mail:    fischerlaw@sbcglobal.net

Attorney for Plaintiff