IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ASHA MUSE MUHUMED, Individually and on Behalf of All Others Similarly Situated, | § § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. 9:24-CV-00007 |
| v. | § § | JUDGE MICHAEL J. TRUNCALE |
| ALEJANDRO MAYORKAS, in His Official Capacity as Secretary of the United States Department of Homeland Security, | § § § § | |
| *Defendant.* | § | |

## <u>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS</u>

Before the Court is the Defendant's Motion to Dismiss ("Motion") [Dkt. 10] filed by Defendant Alejandro Mayorkas ("Mayorkas"). For the reasons explained below, the Motion is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE**.

## I.    BACKGROUND

Plaintiff Asha Muhumed's naturalization application was denied about two years ago. [Dkt. 1 at 5]. The live Complaint [Dkt. 1] states that Muhumed is a Somali refugee who fled from the conflicts in Somalia and achieved permanent residency in 2012. *Id.* at 4. She claims that she suffers from (among other psychological and neurological impairments) major depressive disorder, post-traumatic stress disorder, paranoia, and psychosis. *Id.* at 4–5. These conditions, Muhumed alleges, prevents her from obtaining "the knowledge of English and civics generally required of" successful citizenship applicants. *Id.* at 5. Thus Muhumed applied for naturalization and attached to her application two allegedly facially valid medical certifications for a disability exception. *Id.* The United States Citizenship and Immigration Services ("USCIS") rejected both forms and denied her application twice, initially and on an administrative appeal requested by Muhumed. *Id.* at 5–6.

So Muhumed filed suit on January 10, 2024. [Dkt. 1]. The Complaint purports to present two lawsuits, an individual one with Muhumed as the Plaintiff and a class action one challenging the USCIS's "practice of rejecting Medical Certifications for Disability Exceptions (Form N-648) without obtaining medical evidence controverting [a citizenship] applicant's claim of disability[] . . . [that] has adversely affected [Muhumed] and the class she seeks to represent[] and represents agency action subject to review . . . ." *Id.* at 7. Mayorkas filed the Motion about three months later, asserting that the Court lacks subject matter jurisdiction over this case. [Dkt. 10]. Muhumed filed her response brief. [Dkt. 15]. The Motion is ripe for review.

## II.    LEGAL STANDARD

"When a Rule 12(b)(1) motion is filed in conjunction with [an]other Rule 12 motion[], the [C]ourt should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (citing *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir.2001) (per curiam)).

A litigant may move anytime for dismissal for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). This is so because "[f]ederal courts are courts of limited jurisdiction," wielding "only that power authorized by the Constitution of the United States and Congress." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (cleaned up); U.S. Const. art. III, § 2, cl. 1. That is, subject matter jurisdiction is absent if the Court "lacks the statutory or constitutional power to adjudicate the case." *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). "[D]ismissal is mandatory when [the Court] . . . lacks subject[ ]matter jurisdiction." *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (citing Fed. R. Civ. P. 12(h)(3)).

There are two types of jurisdictional challenges: facial and factual. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). A *factual attack* means that the defendant "submits affidavits,

testimony, or other evidentiary materials." *Superior MRI Servs. v. All. HealthCare Servs.*, 778 F.3d

502, 504 (5th Cir. 2015) (citing *Paterson*, 644 F.2d at 523). If so, the plaintiff is "obliged to submit

facts . . . to sustain his burden of proof" and "prove the existence of subject[ ]matter jurisdiction by

a preponderance of the evidence." *Id.* (citation omitted). In contrast, a *facial attack* involves the

movant, as here, challenging "jurisdiction based only on the allegations in the complaint[]" and

the Court only "consider[ing] the sufficiency of the allegations in the complaint because they are

presumed to be true." *Gen. Land Off. of Tex. v. Biden*, 71 F.4th 264, 277 (5th Cir. 2023) (quotation

omitted) (citing *Lee v. Verizon Communs., Inc.*, 837 F.3d 523, 533 (5th Cir. 2016)).

These two scenarios establish that "[t]he burden of proof for a . . . 12(b)(1) motion . . . is on

the party asserting jurisdiction." *Ramming*, 281 F.3d at 161 (citation omitted). In other words, "the

plaintiff constantly bears the burden of proof that [subject matter] jurisdiction . . . exist[s]." *Id.*

(citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).

In evaluating a 12(b)(1) attack, the Court "take[s] the well-pled factual allegations of the

complaint as true and view them in the light most favorable to the plaintiff." *Stratta v. Roe*, 961

F.3d 340, 349 (5th Cir. 2020) (quoting *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008)).

When doing so, the Court considers: "(1) the complaint alone; (2) the complaint supplemented by

undisputed facts . . . ; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's

resolution of disputed facts." *Id.* (quoting *Ramming*, 281 F.3d at 161). "A motion to dismiss for

lack of subject[ ]matter jurisdiction should only be granted if it appears certain that the plaintiff

cannot prove any set of facts in support of his claims entitling him to relief." *In re FEMA Trailer*

*Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 287 (5th Cir. 2012) (citing *Wagstaff v. U.S. Dep't*

*of Educ.*, 509 F.3d 661, 663 (5th Cir. 2007) (per curiam)).

Since a 12(b)(1) motion questions the presiding trial court's jurisdiction, the Court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Kling v. Hebert*, 60 F.4th 281, 284 (5th Cir. 2023) (citation omitted).

## III.    DISCUSSION

The question before the Court is whether Section 1421(c) grants the Court subject matter jurisdiction over this case.[1] [Dkt. 10 at 3].

After considering the Motion, record, and applicable authorities, the Court **GRANTS** the Motion and **DISMISSES WITHOUT PREJUDICE** this case.

### A.  Dismissal Motion

The Court determines that it lacks subject matter jurisdiction over this case because Section 1421(c) does not grant this Court jurisdiction over Muhumed's purported lawsuits. *See Aparicio v. Blakeway*, 302 F.3d 437, 446–47 (5th Cir. 2002); *Kling*, 60 F.4th at 284.

Again, "[f]ederal courts are courts of limited jurisdiction." *Kokkonen*, 511 U.S. at 377; U.S. Const. art. III, § 2, cl. 1. This premise rings loud in immigration cases, where Congress has clearly decreed that "[t]he sole authority to naturalize persons as citizens of the United States is conferred upon the Attorney General." 8 U.S.C. § 1421(a). Judicial involvement in immigration cases is largely limited to de novo reviews of denied naturalization applications. *See id.* § 1421(c). A de novo review means that a citizenship application is "denied[] after a hearing before an immigration

---

[1] The Complaint cites six other federal statutes (but fails to mention Section 1421(c)) as bases for the Court's subject matter jurisdiction, but Muhumed seemingly concedes that five are invalid and the Court determines that the remaining one (28 U.S.C. § 1331, the federal question jurisdiction statute) is inapplicable as well. [Dkt. 1 at 2]. Mayorkas argues that Sections 702 and 706 of Title 5 of the United States Code are inapt to establish subject matter jurisdiction, given that the Administrative Procedures Act "provides standards for review of agency action, rather than . . . an independent basis for jurisdiction." [Dkt. 10 at 9] (emphases omitted). He further claims that Sections 1361, 2201, and 2202 of Title 28 of the United States Code are remedial laws that do not grant federal jurisdiction. *Id.* at 3 n.1. Muhumed does not address any of these arguments. As for federal question jurisdiction, the Fifth Circuit has held that the Court lacks subject matter jurisdiction over cases such as this due to Section 1421. *See infra* Section III.A. Accordingly, the Court considers subject matter jurisdiction under Section 1421 only.

officer" and the petitioner "seek[s] review of such denial before the United States district court for the district in which [he or she] resides . . . ." *Id.* If granted, "the court . . . [must] make its own findings of fact and conclusions of law and . . . , at the request of the petitioner, conduct a hearing . . . on the application." *Id.* This limited judicial authority over naturalization matters is further reinforced by the concluding provision that "[a] person may only be naturalized as a citizen of the United States in the manner and under the conditions prescribed . . . and not otherwise." *Id.* § 1421(d). In sum, Congress has declared that the Court's authority over immigration cases is limited to "review [that must] be de novo." *Id.* § 1421(c).

Thus, the plain statutory language and a United States Court of Appeals for the Fifth Circuit precedent limit the Court's jurisdiction to de novo review of denied naturalization applications. Muhumed acknowledges that her naturalization application was denied twice, initially and on an appeal to the USCIS. [Dkt. 1 at 5–6]. So she is entitled to not an individual lawsuit but a de novo review by a federal district court under Section 1421(c). 8 U.S.C. § 1421(c). Muhumed still filed the purported individual and class action lawsuit—a maneuver that the Fifth Circuit rejected over two decades ago in *Aparicio*. 302 F.3d at 446–47. There, a named representative, a permanent resident like Muhumed, had her citizenship application denied by the Immigration and Naturalization Service (a federal agency that oversaw immigration until the USCIS assumed that responsibility a year after *Aparicio* was released) after she provided "some, but not all," of the additional "evidence corroborating the legitimacy of . . . her agricultural work" in the United States that was requested by the agency. *Id.* at 441. Although the *Aparicio* representative failed to ask for an appeal as Muhumed did, she joined the class action as a class representative. *Id.* The federal district court dismissed the class action for lack of subject matter jurisdiction. *Id.* at 439. The Fifth Circuit affirmed, partly as it reasoned that "consideration of [that representative's case] . . . would be reviewing the denial of her [citizenship] application . . . in violation of [S]ection 1421(c)." *Id.*

at 439, 446. The *Aparicio* court declared that the plaintiffs could only "wait[] for an application to be denied[] and then . . . appeal[] that denial through the process set forth in [S]ection 1421(c)." *Id.* at 447. And this Court holds that the same reasoning applies here. *See id.*; *Kling*, 60 F.4th at 284. The USCIS rejected Muhumed's application initially and on an administrative appeal. [Dkt. 1 at 5–6]. Thus, contrary to Muhumed's conclusion, *Aparicio* applies here and mandates that she seek remedy via a de novo review, not standalone lawsuits. *See Aparicio*, 302 F.3d at 446–47.

The Court offers brief observations about two authorities that provide the main thrusts of Muhumed's responses. *See Kling*, 60 F.4th at 284. The first authority is *McNary v. Haitian Refugee Ctr., Inc.*, a United States Supreme Court decision about a Special Agricultural Workers ("SAW") program that allowed undocumented farm workers to achieve lawful presence and, if applicable, permanent residency. 498 U.S. 479, 484 (1991). *McNary* addressed judicial review of SAW applications as the Immigration Reform and Control Act of 1986 ("Reform Act") permitted judicial review only if a hearing officer concluded that a SAW applicant should be excluded or deported. *Id.* at 485–86. *McNary* is thus different from Muhumed's case in at least two ways. First, unlike a SAW alien, Muhumed has the right to a de novo review by a federal district court. 8 U.S.C. § 1421(c). Second, the Reform Act was a congressional answer to "the vast . . . shadow population of . . . millions of undocumented aliens in the United States." *McNary*, 498 U.S. at 481. That is, *McNary* is disanalogous to the case presented by Muhumed, a permanent resident. [Dkt. 1 at 4]. The second case cited by Muhumed is *Campos v. Immigr. & Naturalization Serv.*, a case from the Southern District of Florida in the Eleventh Circuit. 70 F. Supp. 2d 1296 (S.D. Fla. 1998). *Campos* is merely informative and so is not binding on this Court, which must follow the law in the Fifth Circuit.

Muhumed concludes her responses by pleading that "accepting [Mayorkas]'s argument would allow [the USCIS] to repeatedly reject an applicant's N-648s, without regard to how many

or how perfect they are, such as to deny [her] for [sic] naturalization forever the possibility of becoming a United States Citizen." [Dkt. 27 at 5]. That is untrue. The circumstances surrounding her naturalization requests may change. Also and again, "[j]udicial review of naturalization denials is always available and is de novo, and is not limited to any administrative record but rather may be on facts established in and found by [a] district court de novo." *Aparicio*, 302 F.3d at 445. The law provides a largely uniform path to citizenship. 8 U.S.C. § 1421(c). A case lacking a cognizable jurisdictional basis cannot bypass that scheme. *See Aparicio*, 302 F.3d at 447; 8 U.S.C. § 1421(c).

Accordingly, the Court determines that it lacks subject matter jurisdiction over this suit. *See Aparicio*, 302 F.3d at 447; 8 U.S.C. § 1421(c). Because jurisdiction is absent, the Court does not review the remaining 12(b)(6) motion. *See Wolcott*, 635 F.3d at 762.

### B. Dismissal Without Prejudice

Finally, having dismissed this case for lack of subject matter jurisdiction, the Court rules that the dismissal is without prejudice. *See Carver*, 18 F.4th at 498. A "jurisdictional dismissal must be without prejudice to refiling in a forum of competent jurisdiction." *Id.* (citing *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020)). This is so since a dismissal based on "a lack of subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that . . . ha[s] proper jurisdiction." *Mitchell*, 982 F.3d at 944 (citing *Ramming*, 281 F.3d at 161). "Accordingly, such a dismissal should be made without prejudice." *Id.* (first citing Fed. R. Civ. P. 41(b); and then citing *Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996)). And the Court does so. *See Carver*, 18 F.4th at 498.

### IV.    CONCLUSION

It is therefore **ORDERED** that the Defendant's Motion to Dismiss [Dkt. 10] is hereby **GRANTED**. This suit is **DISMISSED WITHOUT PREJUDICE**. All other pending motions are

**DENIED AS MOOT**, and all dates and deadlines are **VACATED**. The Clerk is **INSTRUCTED**

to terminate this case.

**SIGNED this 31st day of July, 2024.**

_Michael J. Truncale_

Michael J. Truncale
United States District Judge